[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9614
The plaintiffs, a group of business people, brought this action against the named defendant, a municipal corporation, and agents of the municipality for the alleged failure of the Town of Wallingford ("town") to follow the requirements of its tow truck ordinance. The ordinance requires that each police department shift commander dispatch tow trucks on a rotational basis from a list of towing firms that have permits.
In the fourth count of an amended complaint the plaintiffs allege that the defendants violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., by failing to follow the ordinance. The defendants filed a motion to strike the fourth count as well as a claim for counsel fees founded on that count.
The sole basis for the motion to strike is that, as a matter of law, the allegations of the fourth count are legally insufficient. That conclusion by the defendants is unsupportedly any "reason or reasons for . . . [the] claimed insufficiency." Practice Book § 154.
Since there was no objection as to form by the plaintiffs, the motion will be considered on its merits. See, Bouchard v. People'sBank, 219 Conn. 465, 468 n. 4 (1991).
"`The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.)Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Practice Book § 152. "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court, in deciding a motion to strike, "must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." (Citations omitted.) Rowe v. Godou, 209 Conn. 273,278 (1988).
Section 42-110c(a)(1) of the General Statutes exempts from CUTPA those "actions otherwise permitted under law as administered by any . . . officer acting under statutory authority of the state . . . . "
Various factors must be considered in determining whether a regulated activity is exempt from the statutory provisions. See, CT Page 9615Connelly v. Housing Authority, 213 Conn. 354, 362 (1990) (holding that a municipal housing authority is exempt from CUTPA under § 42-110c(a)(1)); Russell v. Dean Witter Reynolds, Inc.,200 Conn. 172 (1986) (holding that CUTPA did not apply to the sale of securities); also, see David L. Belt, Private Actions Under TheConnecticut Unfair Trade Practices Act, 64 Conn. B.J. SI-3, SI-4 — SI-11 (examining the scope of CUTPA) (1990) (hereinafter, Belt,CUTPA).
The first factor for consideration is whether "[t]he actions of the defendant . . . are expressly authorized and pervasively regulated . . . ." Connelly, supra, 361; Russell, supra, 180-81;Belt, CUTPA, Si-6. A second factor is whether the plaintiff has specific statutory remedies. Connelly, supra, 362-63; Russell, supra, 181;Belt, CUTPA, SI-6. Finally, the court must determine whether the Federal Trade Commission Act (FTC), "the lodestar for determining the scope of CUTPA," is applicable to the regulated activity.Connelly, supra, 363-64.
Motor vehicle towing operations by the defendant Town of Wallingford are expressly authorized. Section 14-150 (b) of the General Statutes states that "any officer attached to an organized police department . . . upon discovery of any motor vehicle, whether situated within or without any highway of this state, which is a menace to traffic or public health or safety, shall take such motor vehicle into his custody and cause the same to be taken to and stored in a suitable place." Moreover, the actions of the municipality and the local police agency are subject to pervasive state regulations. See, e.g., General Statutes § 7-148 and §§ 7-274-300.
In Connelly v. Housing authority, supra, the Connecticut Supreme Court noted the inappropriateness of the FTC Act to cases such as the instant one when it observed, following "a review of cases decided under the FTC Act over its seventy-five year history, and of the standards and statements of the FTC, we are unable to discover any instance in which that act has been applied to any act or practice of a local agency . . . ." Connelly, supra.
Section 42-110c(a)(1) exempts the municipality and its agents acting under statutory authority from the provisions of CUTPA. Given this statutory exemption, it is useless to address claims as to whether the defendants were engaged in "trade" or "commerce" under § 42-110a(4). The motion to strike is granted in its entirety. CT Page 9616
BY THE COURT:
LEANDER C. GRAY, JUDGE